UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No.   08 CR 286 |
| v. | ) | |
| MIGUEL ANGEL CRUZ-VIVEROS | ) | Judge Gottschall |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

Now comes the UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, and respectfully submits this Sentencing Memorandum pursuant to the Court's order of April 23, 2008.

**I.   Background**

Defendant has pleaded guilty to the sole count of the indictment: knowingly transporting 10 Mexican nationals not legally within the United States. Defendant drove the 10 undocumented individuals from Phoenix, Arizona to the Chicago area. After a traffic stop on April 3, 2008 at the Midwest Toll Plaza on I-88, defendant admitted that he knew the passengers in the van he was driving were not documented. (See, Complaint and Affidavit attached as Ex. A.) Defendant also admitted that he encouraged his passengers to report to law enforcement that they all knew each other and had come to Chicago to work in order to avoid detection. The grand jury indicted defendant for violating

8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I). According to Immigration and Customs Enforcement records, defendant has been removed from the United States 9 times, and does not have legal permission to be present in the United States.

At defendant's scheduled arraignment, the government made an oral motion to strike the phrase "for the purpose of financial gain" from the indictment. Defendant pleaded guilty. The parties agreed that the applicable guideline range for the defendant's crime, consistent with his acceptance of responsibility, is 6 to 12 months imprisonment. This calculation is based on the base offense level of 12, provided for in Guidelines Manual § 2L1.1(a)(3) prescribed for "Smuggling, Transporting, or Harboring and Unlawful Alien." Because there is no longer an allegation that defendant committed his crime "for profit," defendant's base offense level is decreased by 3 levels pursuant to § 2L1.1(b)(1). Because defendant transported between 6 and 24 undocumented persons, his base offense level is increased by 3 levels pursuant to §2L1.1(b)(2)(A). Due to defendant's acceptance of responsibility, this amount is reduced by 2 levels pursuant to § 3E1.1(a), resulting in a final offense level of 10. As defendant has a Category I criminal history, the resulting Guideline range prescribed is 6 to 12 months imprisonment.[1] Had the defendant pleaded guilty

---

[1] Defendant's computed Guideline range falls within Zone B meaning that the minimum term may be satisfied by: "(1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term

to the same crime and admitted that his activity was done for the purpose of financial gain, his advisory Guideline range, consistent with acceptance of responsibility would have recommended a sentence of 12 to 18 months imprisonment. This Court granted defendant's oral motion to waive the preparation of a presentence investigation report pursuant to its findings under Fed. R. Crim. P. 32(c)(1)(a)(ii) and ordered the parties to submit their sentencing positions.

Consistent with the sentencing factors of 18 U.S.C. § 3553(a), the United States asks this Court to impose a sentence within the guideline range.

## II.　Applied to This Defendant, the § 3553(a) Factors Justify a Sentence within the Guideline Range.

This Court should give serious consideration to the advisory Guidelines range in order to minimize unwarranted sentencing disparities. The Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 128 S.Ct. 586, 594 (2007). The Supreme Court created the advisory system in *Booker* to "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining

---

of supervised release with a condition that substitutes community confinement or home detention . . . provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation. . . ." §5C1.1(c). Defendant is currently under detainer by Immigrations and Customs officials for any administrative adjudication of his immigration status following release from any sentence of imprisonment ordered by this Court.

flexibility sufficient to individual sentences where necessary." *United States v. Booker*, 543 U.S. 220, 264-65 (2005). Although there is no presumption that the Guidelines sentence is the correct sentence, it remains true that the Guidelines deserve serious consideration: "the Sentencing Commission sets and adjusts the guidelines ranges with the specific objective of achieving proportionality in sentencing for crimes of differing severity." *Rita v. United States*, 127 S.Ct. 2456, 2464 (2007). The Commission is "a respected public body with access to the best knowledge and practices of penology; its judgments should not lightly be disregarded." *United States v. Wachowiak*, 496 F.3d 744, 753 (7th Cir. 2007)(citation omitted).

The Sentencing Guidelines are the *sole* factor in § 3553(a) that provides any objective sentencing range that can practicably promote the overall goal of minimizing unwarranted sentencing disparities. The other § 3553(a) factors, such as the "nature" of the offense, the "history" of the defendant, and the "need" to provide "just punishment," do not provide a means for effectuating the Congressional goal of minimizing unwarranted disparities. *Cf. United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) ("The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country."); *United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) ("To construct a reasonable sentence starting from scratch in every case

would defeat any chance at rough equality which remains a congressional objective.").

In this case, a sentence within the advisory range is entirely consistent with the § 3553(a) factors. First, the nature and circumstances of the offense involve defendant's knowing transportation in violation of the law, and instruction to his passengers to avoid detection. Defendant's history and characteristics, having been deported nine separate times at the United States border, reinforces the intentional nature of his crime without distorting his criminal history under the sentencing Guidelines. As a Category I criminal history with no prior criminal convictions, defendant's Guideline range recommends a sentence of 6 to 12 months.

The statute directs the Court to consider the need to promote respect for the law and to provide deterrence. 18 U.S.C. § 3553(a)(1)(A), (B). In alien transportation and illegal reentry cases (defendant is also undocumented), the crime itself is a decision to show no respect for the immigration authorities. Those authorities directed the defendant not to return to the United States and warned him against returning. He nevertheless chose to return and to encourage the presence of others in the United States illegally by providing cross-country transportation. As Congress and the Sentencing Commission have made clear, this Court's punishment must impose significant costs onto

defendant for that choice. A Guidelines sentence alerts other similarly situated individuals considering a return to the United States or the encouragement of the return of others by offering transportation, that the price for such a decision is both high and administered even-handedly. This Court should not abandon the statutory directive to promote deterrence and uniformity, and the Guidelines provide an appropriate punishment consistent with those factors.

Finally, a sentence within the agreed Guideline range of 6 to 12 months adequately protects the public from future crimes by the defendant of this nature, as imprisonment will act as a personal deterrence to the defendant.

### III.  Conclusion

Accordingly, for the reasons set forth above, the Court should impose a sentence within the applicable Guidelines range of 6 to 12 months imprisonment.

    Respectfully Submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: Stephen P. Baker
    STEPHEN P. BAKER
    Assistant United States Attorney
    219 S. Dearborn, 5th Floor
    Chicago, IL 60604
    (312) 353-1598

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No.    08 CR 286 |
| v. | ) | |
| MIGUEL ANGEL CRUZ-VIVEROS | ) | Judge Gottschall |

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the:

**Sentencing Memorandum of United States**

was served pursuant to the district court's ECF system as to ECF filers.

Dated: April 28, 2008

Respectfully Submitted,

PATRICK J. FITZGERALD
United States Attorney

By:<u>Stephen P. Baker</u>
STEPHEN P. BAKER
Assistant United States Attorney
219 S. Dearborn, 5th Floor
Chicago, IL 60604
(312) 353-1598

# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

MIGUEL ANGEL CRUZ-VIVEROS

MAGISTRATE JUDGE COX

CRIMINAL COMPLAINT

CASE NUMBER: 08CR 286

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about April 3, 2008, at DuPage County, Illinois, in the Northern District of Illinois, Eastern Division, MIGUEL ANGEL CRUZ-VIVEROS, defendant herein,

> for the purpose of private financial gain, knowing and in reckless disregard of the fact that certain aliens had come to, entered, or remained in the United States in violation of law, did transport and move such aliens, namely ten Mexican nationals, within the United States by means of transportation and otherwise, in furtherance of such violation of law;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i);

I further state that I am a Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE") and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

Andrea Huttenlocker
Special Agent, U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

April 9, 2008    10:43 am         at  Chicago, Illinois
Date                                   City and State

HON. SUSAN COX, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

FILED
4-9-08
APR - 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| COUNTY OF COOK | ) |
| | ) |
| STATE OF ILLINOIS | ) |

## AFFIDAVIT

I, Andrea Huttenlocker, Special Agent, Department of Homeland Security, Immigration and Customs Enforcement, being first duly sworn, hereby depose and state:

### INTRODUCTION

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and have been so employed for eight months. Prior to that, I was an Inspector for the Immigration and Naturalization Service and a Customs and Border Protection Officer for the Department of Homeland Security for approximately 5 ½ years.

2. As a Special Agent with ICE, I am assigned to investigate violations of immigration laws, including offenses under 8 U.S.C. §§ 1324-26.

3. This affidavit is based on my own personal knowledge, my review of records, and information provided to me by other law-enforcement personnel. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint. As such, I have not included each and every fact known to me concerning the individuals and offenses described herein.

### INVESTIGATION

4. On April 3, 2008, Illinois State Police ("ISP") officials were conducting safety seat belt checks at the Midwest toll plaza on Interstate 88, in DuPage County, Illinois. ISP stopped a 2001 red Dodge van bearing Arizona plates, after noticing that the driver

appeared to be hiding a female passenger on the floor. ISP alerted ICE agents to the scene.

5. There were 11 individuals in the van: the driver and 10 passengers. ICE agents determined that the individuals were nationals and citizens of Mexico who had entered the United States illegally. ICE agents interviewed eight of the passengers, and several of them reported, in summary and in part, that the driver knew that they were illegal immigrants and that he had told them that if they were questioned they should say that they were friends coming to work in Chicago. Several of the passengers stated, in summary and in part, that they had paid or were going to pay various amounts ranging from $400 to $2500 for their transportation. One of the passengers stated, in summary and in part, that he was to pay the driver $400 upon arrival in Illinois. One of the passengers stated, in summary and in part, that she was to pay the driver $1300 upon arrival in Chicago. The passengers reported that the destinations they had negotiated with the driver included Illinois, Pennsylvania, New Jersey, and North Carolina.

6. Law-enforcement officers identified the driver of the van as Miguel Angel CRUZ-VIVEROS. After ICE agents provided CRUZ-VIVEROS with a form listing his rights in Spanish, CRUZ-VIVEROS indicated that he understood his rights and agreed to be interviewed by ICE agents. CRUZ-VIVEROS stated, in summary and in part, that he knew the 10 passengers were illegal aliens and that he told the passengers to say that they knew each other and that they were going to Chicago to work so that he would not get into trouble.

7.  Based on the above, I respectfully submit that there is probable cause to believe that Miguel Angel CRUZ-VIVEROS violated Title 8, United States Code, Section 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

FURTHER AFFIANT SAYETH NOT

_____
Andrea Huttenlocker, Special Agent
DHS-Immigration and Customs Enforcement

Subscribed and sworn to before me this 9th day of April, 2008.

_____
Honorable Susan E. Cox
U.S. Magistrate Judge